# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| YANG WU INTERNATIONAL, INC., dba YW INTERNATIONAL, a corporation; and MAY PRODUCE CO., INC., a corporation<br><br>v.<br><br>LS & CX, LLC, a limited liability company dba JUSGO SUPERMARKET and dba ZTAO MARKETPLACE; JUSGO DULUTH, LLC, a limited liability company dba JUSGO SUPERMARKET and dba ZTAO MARKETPLACE; SAIGON MALL, LLC, a limited liability company trading as ZTAO MARKETPLACE; ZTAO GROUP HOLDING, LLC, a limited liability company; ZTAO MARKETPLACE DISTRIBUTION CENTER, LLC, a limited liability company; XUAN CHEN, an individual aka XUAN "DAVID" CHEN; JIAN LIU, an individual; ZHIYONG LI, an individual; SHENG LIN, an individual; XIN LIN, an individual | § § § § § § § § § § § § § § § § § § § § Civil Action No. 4:20-CV-312<br>Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion to Dismiss Under Rule 12(b)(6) and 12(b)(7), Rule 8 and Rule 9 and Motion for More Definite Statement Under Rule 12(e) (Dkt. #37)[1]. Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **DENIED**.

---

[1] Defendants include both Rule 12(b)(7) and Rule 9 as grounds for dismissal in the title of their Motion. However, Defendants do not advance any legal or substantive arguments in furtherance of these grounds, and the Court will therefore not address them.

# BACKGROUND

Plaintiffs Yang Wu International, Inc., d/b/a YW International ("YW International"); and May Produce Co., Inc. ("May Produce") (collectively, "Plaintiffs") are in the business of selling perishable agricultural commodities, such as produce. Defendants LS & CX, LLC, d/b/a Jusgo Supermarket and also d/b/a Ztao Marketplace ("Jusgo Plano"); Jusgo Duluth, LLC, d/b/a Jusgo Supermarket and also d/b/a Ztao Marketplace ("Jusgo Duluth"); Ztao Group Holding, LLC ("Ztao Group"); and Ztao Marketplace Distribution Center, LLC ("Ztao Marketplace") (collectively, "Business Entity Defendants") are in the business of purchasing perishable agricultural commodities and reselling them to their customers.

Between 2018 and 2019, Plaintiffs sold perishable agricultural commodities to Business Entity Defendants and never received payment for those commodities. Specifically, in a series of transactions between December 2018 and November 2019, May Produce sold and shipped them perishable agricultural commodities worth $161,034.80. Likewise, between March and August 2019, YW International sold and shipped them $209,372.85 worth of perishable agricultural commodities. Plaintiffs made multiple requests to Business Entity Defendants to pay the amounts owed to them. But, despite repeated demands by Plaintiffs, Business Entity Defendants failed to pay the amounts due to Plaintiffs.

On June 9, 2020, Defendants filed their Motion to Dismiss Under Rule 12(b)(6) and 12(b)(7), Rule 8 and Rule 9 and Motion for More Definite Statement under Rule 12(e) (Dkt. #37). On June 23, 2020, Plaintiffs filed their Response to Defendants' Motion (Dkt. #39).

# LEGAL STANDARD

*12(b)(6) Motion to Dismiss*

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

3

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### *Rule 8(a)*

Federal Rule of Civil Procedure 8(a) provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

### *12(e) Motion for More Definite Statement*

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of the pleadings when the pleadings are "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Motions for a more definite statement are generally disfavored because "in view of the great liberality of Federal Rule of Civil Procedure 8 . . . it is clearly the policy of the Rules that Rule 12(e) should not be used to . . . require a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Source Data Acquisition, LP v. Talbot Grp., Inc.*, 4:07-cv-294, 2008 WL 678645, at *2 (E.D. Tex. Mar. 11, 2008) (citing *Mitchell v. E-Z Way*

4

*Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).  In addition, "when a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted."  *Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citing *Arista Records LLC v. Greubel*, 453 F.Supp. 2d 961, 972 (N.D. Tex. 2006)).  "Nevertheless, parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading."  *Id.*

## ANALYSIS

### *Rule 12(b)(6)*

Defendants argue that Plaintiffs' Complaint contains insufficient allegations against both the Individual Defendants and the Corporate Defendants.  More specifically, Defendants contend that the third through tenth causes of action are void of facts suggesting wrongdoing by either set of defendants, and further that Plaintiffs fail to plead a facially plausible claim against all individual defendants.

Plaintiffs argue, in response, that the Complaint satisfies the requirements of Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs contend that a court must look, at a minimum, to the entirety of the complaint when determining if a plausible claim exists.  Plaintiffs, necessarily, allege that a plausible claim for relief exists when the Court looks to all the included paragraphs in the Complaint.

When faced with a challenge under Rule 12(b)(6), "courts must consider the complaint in its entirety…."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The main thrust of Defendants' argument is that the language within a number of Plaintiffs' specific causes of action do not allege facts sufficient to withstand Rule 12(b)(6).  The Court may not, however,

look at the language of those causes of action in isolation.  Rather, the Court must look to the Complaint as a whole.

Plaintiffs' facts are not entirely contained within the causes of action sections.  However, the facts do exist in other locations.  Plaintiffs cite to various places within the Complaint where necessary information relating to their claims is located—including the background section.  The Court, looking at the Complaint in its entirety, notes the existence of facts supporting the complaint-of causes of action.

Defendants are not entitled to dismissal under Rule 12(b)(6) unless the Court could not draw a reasonable inference, taking all facts as true, that "the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678.  Plaintiffs further do not have to show that success on all claims is likely.  The only required showing, at the Rule 12(b)(6) stage, is that Plaintiffs are "entitled to offer evidence to support [their] claim."  *Muhammed v. Dallas Co. Community Supervision and Corrections Dept.*, 479 F.3d 377, 379 (5th Cir. 2007).

Plaintiffs offer facts, albeit not entirely contained within the sections concerning the specific causes of action themselves, that require the Court to allow them to present evidence in support of their claims.  Considering the Complaint in its entirety and taking all facts as true, the Court finds that Plaintiffs have stated plausible claims for relief as to avoid dismissal under Rule 12(b)(6) as to all pleaded causes of action.

### *Rule 8(a)*

Defendants claim that Plaintiffs do not specify any acts by Individual Defendants and Corporate Defendants but rather impermissibly group the two sets of defendants together.  Defendants claim that this attempt at grouping is not permitted in federal court filings.

Plaintiffs respond that grouping defendants together does not equate to a failure to adequately notice the defendants of the basis for the claims as required in federal court filings under Rule 8(a).

Rule 8(a) requires that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." FED. R. CIV. P. 8(a)(2). The statement must be sufficiently specific to "give the Defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512.

Plaintiffs alleged facts in their Complaint sufficient to give Defendants fair notice of the claims and grounds upon which they rest. Plaintiffs allege their theory on alter ego as to the Business Entity Defendants, and they further assert that the Individual Defendants were directly associated with such business entities. While Defendants contend that this type of grouping is impermissible in federal court filings, the Court is not given any authority supporting that position.

The facts stated by Plaintiffs satisfy the minimum requirements of Rule 8(a). Looking at the Complaint in its entirety and the allegations contained therein, Defendants had fair notice of Plaintiffs' claims and the grounds on which they rest.

### *Rule 12(e)*

Defendants couch their alternative Rule 12(e) argument within their Rule 8(a) argument. More specifically, Defendants contend that they could not reasonably frame an answer to the claims as asserted. Defendants ask this Court to require Plaintiffs to replead in order to address each element of the causes of action in the Complaint and to include sufficient and specific factual allegations that are aimed against each individual defendant and each corporate defendant respectively.

"In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z*

7

*Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Additionally, courts typical`ly refrain from granting Rule 12(e) motions unless the pleading is unintelligible—not when a party is seeking additional detail. *Abdul-Aziz v. JP Morgan & Chase Co.*¸ No. 3:10-CV-2430-K, 2011 WL 1059205, at *2 (N.D. Tex. Mar. 2, 2011).

The Court has determined that Plaintiffs' pleadings satisfied Rule 8(a). Thus, the pleadings cannot be considered "unintelligible." Rather, Defendants are seeking more detail to better frame their answers. The desire for more detail is not sufficient to require a party replead under Rule 12(e). The Court therefore declines to order the Rule 12(e) relief sought alternatively by Defendants.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Under Rule 12(b)(6) and 12(b)(7), Rule 8 and Rule 9 and Motion for More Definite Statement Under Rule 12(e) (Dkt. #37) is hereby **DENIED**.

**SIGNED** this 21st day of October, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE