# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| YANG WU INTERNATIONAL, INC., d/b/a YW INTERNATIONAL, *et al.*,<br><br>  *Plaintiffs*,<br><br>v.<br><br>LS & CX, LLC, a limited liability company d/b/a JUSGO SUPERMARKET and also d/b/a ZTAO MARKETPLACE, *et al.*,<br><br>  *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>CIVIL ACTION NO. 4:20-CV-00312<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Zhiyong Li, Jian Liu, Ztao Group Holding, LLC, Saigon Mall, LLC, and Ztao Marketplace Distribution Center, LLC's Motion to Transfer Venue (Dkt. #56). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **DENIED**.

### BACKGROUND

Plaintiffs Yang Wu International, Inc., d/b/a YW International ("YW International"); and May Produce Co., Inc. ("May Produce") (collectively, "Plaintiffs") are in the business of selling perishable agricultural commodities, such as produce. Defendants LS & CX, LLC, d/b/a Jusgo Supermarket and also d/b/a Ztao Marketplace ("Jusgo Plano"); Jusgo Duluth, LLC, d/b/a Jusgo Supermarket and also d/b/a Ztao Marketplace ("Jusgo Duluth"); Ztao Group Holding, LLC ("Ztao Group"); and Ztao Marketplace Distribution Center, LLC ("Ztao Marketplace") (collectively, "Business Entity Defendants") are in the business of purchasing perishable agricultural commodities and reselling them to their customers.

Between 2018 and 2019, Plaintiffs sold perishable agricultural commodities to Business Entity Defendants and never received payment for those commodities. Specifically, in a series of transactions between December 2018 and November 2019, May Produce sold and shipped them perishable agricultural commodities worth $161,034.80. Likewise, between March and August 2019, YW International sold and shipped them $209,372.85 worth of perishable agricultural commodities. Plaintiffs made multiple requests to Business Entity Defendants to pay the amounts owed to them. But, despite repeated demands by Plaintiffs, Business Entity Defendants failed to pay the amounts due to Plaintiffs.

On August 7, 2020, Defendants filed the present Motion (Dkt. #56). On August 21, 2020, Plaintiffs filed their response (Dkt. #60).

## LEGAL STANDARD

*12(b)(3)*

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any

district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

### *1404(a)*

Section 1404 permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . .'" *Van Dusen,* 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960)).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold inquiry is met, the Fifth Circuit has held "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

3

expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id.*

The party seeking transfer of venue must show good cause for the transfer. *Id.* The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 315 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. And while the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

## ANALYSIS

Defendants first challenge venue in this Court under Federal Rule of Civil Procedure 12(b)(3) and, consequently, 28 U.S.C. § 1391. Defendants next ask the Court to transfer the case to the Northern District of Texas under 28 U.S.C. § 1404(a).

Plaintiffs contend that Defendants waived their Rule 12(b)(3) challenge. Plaintiffs also argue that venue is not more convenient under § 1404(a), and the case should therefore remain in the Eastern District of Texas.

## I. Rule 12(b)(3)[1]

Defendants appear to couch their venue argument within 28 U.S.C. § 1391(b)(3). However, as Plaintiffs point out, the Court looks to § 1391(b)(3) only if no other § 1391(b) provision applies. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56–57 (2013). The Court will therefore not address § 1391(b)(3) unless it determines that § 1391(b)(2) is inapplicable.[2]

Section 1391(b)(2) states, in relevant part, that "a civil action may be brought in…(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Defendants maintain that "a substantial amount of business between the Plaintiffs and Defendants herein took place in Arlington and Dallas, Texas, not purely within the Eastern District of Texas" (Dkt. #56 at p. 11). However, the language of § 1391(b)(2) does not require that *all* events or omissions occur within the district. Rather, only a *substantial part* must have occurred within the Eastern District of Texas for venue to be proper.

Substantial parts of the events giving rise to the claim occurred in the Eastern District of Texas. Contracts for the sale of produce were entered into by two Eastern District residents. Further, some of that produce was then delivered within the Eastern District. Communications regarding the payment due for the produce also occurred with at least one Eastern District resident. Additionally, Plaintiffs allege that the corporate defendants—two of which reside in the Eastern

---

[1] Plaintiffs argue that Defendants have waived their 12(b)(3) objection by not presenting it in their first 12(b) motion. Although the Court agrees with Plaintiffs, the Court still analyzes venue under 28 U.S.C. § 1391.
[2] Due to the existence of two Defendants residing outside the state of Texas, the Court notes that § 1391(b)(1) does not apply.

District—were alter egos of each other. The Court finds that these facts, taken as true[3], indicate that a substantial part of the events giving rise to the claims did occur in this district.

Because venue is proper under § 1391(b)(2), the Court does not address Defendants' § 1391(b)(3) argument.

## II. 28 U.S.C. § 1404(a)

Defendants further assert that the Northern District of Texas would be more a convenient venue for all parties. Plaintiffs argue that Defendants have not shown that the Northern District of Texas is more convenient under § 1404 as to warrant transfer of the case.

A party may move for a transfer of venue under 28 U.S.C. § 1404. Section 1404 allows a case to be transferred to "any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The party seeking transfer must show that the transfer is sought "for the convenience of parties and witnesses [and transfer is] in the interest of justice." *Id.* Additionally, the party seeking transfer must show that the transferee venue is "clearly more convenient" than the Plaintiff's chosen venue. *Volkswagon II*, 545 F.3d at 315. To determine whether transfer to the Northern District of Texas is proper, the Court analyzes both private and public interest factors.

### A. Appropriateness of Proposed Forum

Defendants claim venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b). 28 U.S.C. § 1391(b)(1) states that "a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). One of the defendants, Saigon Mall LLC, is headquartered in the counties subject to the jurisdiction of the Northern District of Texas. The Court therefore acknowledges that venue would be proper in the Northern District. Because the Northern District

---

[3] The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield*, 2014 WL 978685, at *1.

is a venue in which the case could have been brought, the Court now analyzes the private and public interest factors to determine whether transfer under § 1404 is proper.

### B. Private Interest Factors

*Volkswagon II* provides the Court with four private interest factors to consider: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagon II,* 545 F.3d at 315.

#### i. Relative Ease of Access to Sources of Proof

"The Fifth Circuit has cautioned this factor remains relevant despite technological advances having made electronic document production commonplace." *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 272201, at *3 (W.D. Tex. June 13, 2014) (citing *Volkswagon II*, 545 F.3d at 316). Defendants do not address this factor. However, Plaintiffs are California companies. The proof propounded by Plaintiffs will, necessarily, need to be transported from California to the court which hears the case. The Court agrees with Plaintiffs' contention that there is no difference in bringing the proof to either the Eastern District of Texas or the Northern District of Texas. The Court therefore finds this factor is neutral.

#### ii. Availability of Compulsory Process to Secure Attendance of Witnesses

The Court asks next whether transfer benefits the availability of compulsory process. A court's subpoena may command a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party of party's officer; (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c).

7

Defendants did not address unwilling witnesses outside the Court's subpoena power. In fact, the party witnesses discussed by Defendants live and work within 100 miles—one in Dallas, Texas and one in Plano, Texas. Due to both the Northern District and Eastern District having subpoena power over the currently known witnesses, the Court finds this factor neutral as well.

### iii. Cost of Attendance for Willing Witnesses

The Court must decide if the costs of attendance for willing witnesses would benefit from a transfer. In *Volkswagon II*, the Fifth Circuit noted that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time in which these fact witnesses must be away from their regular employment." *Volkswagon II,* 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagon I,* 371 F.3d at 204–05. "The convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genetech, Inc.,* 556 F.3d 1338, 1342 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). "[A]mong party and non-party key-witnesses, a court should give greater weight to the availability and convenience of non-party, key-witnesses." *Mid-Continent Cas. Co. v. Petrol. Sols. Inc.*, 629 F. Supp. 2d 759, 763 (S.D. Tex. 2009).

Defendants offer no indication that it has non-party key-witnesses. Defendants instead argue that one of the named defendants, Mr. Jian Liu, is currently in China. Further, when Mr. Liu returns to the United States, he will have to travel through the Northern District of Texas. Defendants argue that the additional miles between the airport and Sherman, Texas will impose an undue burden on Mr. Liu. However, the statement offered by Defendants is conclusory. There

are no facts, beyond Dallas being a travel hub, that indicate why the imposition of an undue burden would result from the case being tried in the Eastern District of Texas. The Court agrees with Plaintiff that the distance between the two courthouses and the airport is "negligible" (Dkt. #60 at p. 11).[4] Without further explanation by Defendants as to why the commute from Dallas to Sherman imposes the "undue burden" on Mr. Liu that they claim, the Court finds this factor neutral.

### iv. Other Practical Problems

The Court then considers whether any other practical problems affect the transfer analysis. "[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case." *In re Radmax*, 720 F.3d 285, 289 (5th Cir. 2013).

Defendants state that "practical considerations make the trial of this case more efficient and less expensive in the Northern District" (Dkt. #56 at p. 12). However, Defendants offer no additional facts in support of that contention. The practical considerations—including the above-mentioned factors—neither favor nor disfavor transfer.

Plaintiffs affirmatively argue that the Eastern District is the more efficient venue. In support of that claim, Plaintiffs note the length of time the case has been pending in the Eastern District, the rulings—including the issuance of a Temporary Restraining Order and Preliminary Injunction after an evidentiary hearing—the Court has already made in the case, the existence of a scheduling order issued by this Court, and the fact that this Court must rule on the present motion. The Court has undoubtedly expended judicial resources and time into establishing this case onto its docket. The Court therefore agrees that the pendency of the case in the Eastern District does weigh in favor of the Court retaining the case under the § 1404 analysis.

---

[4] The distance between Dallas-Fort Worth Airport and the Dallas Federal Courthouse is 20 miles. The distance between Dallas-Fort Worth Airport and the Sherman Federal Courthouse is 66 miles.

9

### C. Public Interest Factors

The Fifth Circuit applies four non-exclusive public interest factors in determining a § 1404(a) venue transfer question: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems or conflicts of law or the application of foreign law. *Volkswagon II*, 545 F.3d at 315.

#### i. Administrative Difficulties Flowing from Court Congestion

In considering this factor, the speed with which a case can come to trial and be resolved may be relevant. *See Id.* at 316; *Gates Learjet Corp. v. Jenson*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether [transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket.").

Defendants argue that no administrative difficulties would flow from transferring the case to the Northern District. In fact, Defendants state that they do not anticipate any party opting into a jury trial. Despite Defendants contentions, a look at recent court statistics[5] show that this factor is neutral.

The median time from filing to disposition in a civil case in the Northern District of Texas is 13.8 months. The Eastern District's median time from filing to disposition is 9.2 months. Additionally, the Northern District's median time from filing a civil case to trial is 22.2 months, while the Eastern District's median is 17.7 months. Both statistics show that no administrative difficulties would flow from court congestion in either District. Thus, this factor is neutral.

---

[5] *See* Federal Court Management Statistics, June 2020, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf

### ii.  Local Interest in Having Localized Interests Decided at Home

The second public interest factor is the local interest in having localized interests decided at home.  *Volkswagon II*, 545 F.3d at 315.  "Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Affinity Labs of Tex. v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013) (citing *Volkswagon I*, 371 F.3d at 206).

Defendants claim that "litigating the case in this district court force citizens in a community with a tangential connection the case to serve on the jury" (Dkt. #56 at p. 12).  For support, Defendants note that Defendant Saigon Mall, LLC is located in Dallas, Texas—within the Northern District.  While that may be true, Defendants nonetheless concede that Saigon Mall LLC "does some business within the Counties subject to the jurisdiction of the Eastern District of Texas" (Dkt. #56 at p. 3).

Two other defendants—Jusgo Plano and Jusgo Duluth—both have their principal places of business in the Eastern District (Dkt. #60 at p. 13).  Further, as Plaintiffs point out, "produce for which Plaintiffs are seeking payment was delivered to a grocery store located in the Eastern District and sold, presumably, to local residents of the Eastern District" (Dkt. #60 at p. 13).  Additionally, "many of Plaintiffs' communications seeking payment in this case were directed to a resident of the Eastern District" (Dkt. #60 at p. 13).  The Eastern District has an obvious connection to the circumstances and actions giving rise to the litigation.

Both districts have an interest in ensuring the redressability of its citizens injuries.  At least one of the Defendants is a Northern District resident.  Two Defendants reside in the Eastern District.  This factor is therefore neutral.

### iii. Familiarity of the Forum with the Law Governing the Case

Next, the Court considers whether the familiarity of the forum with the matter's governing law affects the transfer analysis. Defendant offers no analysis on this factor. However, the case is brought under the Perishable Agricultural Commodities Act—a federal statute—and there is no reason to think that either district court would be more or less familiar with the law. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (noting federal courts are equally capable of applying federal law). Thus, this factor is neutral.

### iv. Avoidance of Unnecessary Problems or Conflicts of Law

Finally, the Court considers whether transfer would cause or avoid unnecessary conflict of law problems. As discussed under the previous factor's analysis, this action concerns the application of the Perishable Agricultural Commodities Act, a federal law, and does not involve any state substantive choice of law issues. Thus, this factor is neutral.

Having considered all the factors, the Court finds that although the case could have been brought in the Northern District of Texas, Defendants have failed to show that transfer to the Northern District of Texas would be clearly more convenient than the Eastern District of Texas. Defendants have failed to meet the significant burden to show good cause for the transfer as required under *Volkswagon II*. 545 F.3d at 315 (holding that "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.").

## CONCLUSION

It is therefore **ORDERED** Defendants' Zhiyong Li, Jian Liu, Ztao Group Holding, LLC, Saigon Mall, LLC, and Ztao Marketplace Distribution Center, LLC's Motion to Transfer Venue (Dkt. #56) is hereby **DENIED**.

**SIGNED this 30th day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE