# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| YANG WU INTERNATIONAL, INC., d/b/a YW INTERNATIONAL, *et. al.*, | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 4:20-CV-00312 |
| v. | § § | Judge Mazzant |
| LS & CX, LLC, a limited liability company doing business as JUSGO SUPERMARKET and also doing business as ZTAO MARKETPLACE, *et. al.*, | § § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants'[1] Motion to Dismiss for Failure to State a Claim (Dkt. #63). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **DENIED**.

### BACKGROUND

Plaintiffs Yang Wu International, Inc., d/b/a YW International ("YW International"); and May Produce Co., Inc. ("May Produce") (collectively, "Plaintiffs") are in the business of selling perishable agricultural commodities, such as produce. Defendants LS & CX, LLC, d/b/a Jusgo Supermarket and also d/b/a Ztao Marketplace ("Jusgo Plano"); Jusgo Duluth, LLC, d/b/a Jusgo Supermarket and also d/b/a Ztao Marketplace ("Jusgo Duluth"); Ztao Group Holding, LLC ("Ztao Group"); and Ztao Marketplace Distribution Center, LLC ("Ztao Marketplace") (collectively,

---

[1] The Defendants include: Zhiyong Li; Jian Liu; Ztao Group Holding, LLC; Saigon Mall, LLC; and Ztao Marketplace Distribution Center, LLC.

"Business Entity Defendants") are in the business of purchasing perishable agricultural commodities and reselling them to their customers.

Between 2018 and 2019, Plaintiffs sold perishable agricultural commodities to Business Entity Defendants and never received payment for those commodities. Specifically, in a series of transactions between December 2018 and November 2019, May Produce sold and shipped them perishable agricultural commodities worth $161,034.80. Likewise, between March and August 2019, YW International sold and shipped them $209,372.85 worth of perishable agricultural commodities. Plaintiffs made multiple requests to Business Entity Defendants to pay the amounts owed to them. But, despite repeated demands by Plaintiffs, Business Entity Defendants failed to pay the amounts due to Plaintiffs.

On November 13, 2020, Defendants filed the present Motion (Dkt. #63). On November 25, 2020, Plaintiffs filed their response (Dkt. #65).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

3

## ANALYSIS

Defendants assert that Plaintiffs fail to state a claim under the Perishable Agricultural Commodities Act (PACA). Specifically, Defendants claim that they are not "dealers" under PACA, that Plaintiffs fail to show how Defendants are "dealers" or "brokers" under PACA, that the goods purchased by Plaintiffs do not conform to the PACA statutory language, and that the Individual Defendants[2] owe no fiduciary duty to Plaintiffs. Defendants also argue that Plaintiffs' complaint fails to meet the Federal Rule of Civil Procedure 9(b) heightened pleading standard.

Plaintiffs respond that their complaint satisfies the requirements of Federal Rule of Civil Procedure 12(b)(6).[3] Plaintiffs also contend that they have pleaded facts sufficient to establish a PACA statutory trust and a breach of the PACA statutory trust. Finally, Plaintiffs argue that the Rule 9(b) heightened pleading requirements do not apply in the present case.

After reviewing Plaintiffs' complaint, the motion to dismiss, and the response, the Court finds that Plaintiffs have stated plausible claims for defeating a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. #63) is hereby **DENIED**.

**SIGNED** this 14th day of January, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] The Individual Defendants include Zhiyong Li and Jian Liu.

[3] The Court notes that the pleading standards governing complaints is outlined not in Rule 12(b)(6) but rather in Rule 8. Rule 12(b)(6) serves as a mechanism by which a party may challenge the sufficiency of a pleading. The Court therefore construes Plaintiffs argument to be that the complaint is sufficient to withstand a motion to dismiss under 12(b)(6).